Honorable John C. Coughenour

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| PERKUMPULAN INVESTOR CRISIS CENTER DRESSEL – WBG,<br><br>        Plaintiff,<br><br>vs.<br><br>DANNY M.K. WONG, et al.<br><br>        Defendants. | Case No. C09-0526 JCC<br><br>REPLY IN SUPPORT OF DAVID AND KELLY THACKER'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM<br><br>**Noted on Motion Calendar:<br>September 25, 2009** |

## I. <u>INTRODUCTION AND SUMMARY OF REPLY</u>

Defendants David Thacker and Kelly Thacker (the "Thackers") submit this Reply in support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim against Plaintiff, Perkumpulan Investor Crisis Center Dressel – WBG ("Plaintiff"). Plaintiff's opposition to the Thackers' motion consists largely of an improper sur-reply addressing the motions of the other defendants. Although this highlights the lack of any sufficient pleading against the Thackers, their motion to dismiss should be granted because the few arguments against the Thackers' motion are baseless.

REPLY IN SUPPORT OF THACKER'S
MOTION TO DISMISS - 1
Case No. C09-0526 JCC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## II. ARGUMENT

### A. PLAINTIFF'S BRIEF SHOULD BE STRICKEN AS AN IMPROPER SUR-REPLY.

Plaintiff's Opposition to the Thacker's Motion to Dismiss, Docket # 109, is a thinly-veiled sur-reply to the Regal Defendants' (and other co-defendants') replies in support of their motions to dismiss, *see, e.g.*, Docket # 103, 108. The Thackers' Motion to Dismiss incorporated co-defendant briefing where appropriate and to avoid burdening the Court with duplicative briefing. <u>The Thackers did not incorporate any co-defendant reply briefs into their motion to dismiss</u>. In fact, the reply briefs had not been filed when the Thackers filed their motion to dismiss. Plaintiff is not entitled to use its response brief to the Thackers' motion to respond to the other defendants' reply briefs.[1] Accordingly, the following portions of the Plaintiff's Opposition should be stricken:

      a. page 1, line 15 through page 5, line 25;

      b. page 7, lines 2 through 25;

      c. page 8, line 19 through page 10, line 4;

      d. page 10, line 7 through page 11, line 13;

      e. page 12, lines 5 through 21;

      f. page 12, line 23 through page 13, line 9;

      g. page 13, lines 13 through 20;

      h. page 14, line 6 through page 15, line 12;

      i. page 18, lines 12 through 14; and

      j. page 19, line 14 through page 21, line 5.

---

[1] That Plaintiff devotes almost its entire Opposition brief to oppose dismissal of the other defendants, and <u>not</u> the Thackers, highlights Plaintiff's lack of information and good faith pleading against the Thackers.

REPLY IN SUPPORT OF THACKER'S
MOTION TO DISMISS - 2
Case No. C09-0526 JCC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**B. PLAINTIFF HAS FAILED TO PROVE SUBJECT MATTER JURISDICTION.**

The Thackers join in the Reply in Support of Regal Financial Bancorp, Inc. and Regal Financial Bank's Motion to Dismiss for Lack of Standing and Subject Matter Jurisdiction, dated September 4, 2009 (Docket # 103). The Regal Defendants' arguments continue to apply equally to the claims asserted against the Thackers. Accordingly, for the reasons set forth in the Regal Defendants' Motion to Dismiss and Reply, the Court should dismiss this action in its entirety.

**C. THE COURT SHOULD DISMISS THE INDIVIDUAL CLAIMS AGAINST THE THACKERS FOR FAILURE TO STATE A CLAIM.**

**1. The Court Should Dismiss Claim No. 1 (Civil RICO) for Lack of Subject Matter Jurisdiction and for Failure to State a Claim.**

As in Section II.B, the Thackers join in the Reply in Support of Regal Financial Bancorp, Inc. and Regal Financial Bank's Motion to Dismiss RICO Conspiracy Claim (Claim 2) and Common Law Claims 4, 6, 7 and 8, dated September 4, 2009 (Docket # 108). For the reasons argued in the Regal Defendants' Motion to Dismiss and Reply, the Civil RICO claim against the Thackers should be dismissed.[2] Plaintiff's Complaint fails to allege a claim for RICO conspiracy against the Thackers—indeed, it is practically devoid of any factual allegations against the Thackers. *See* Thackers' Motion to Dismiss, Docket # 96, pp.3-4 (listing four factual allegations relating to Thackers; no allegations showing conspiracy); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (complaint must plead facts sufficient "enough to raise a right to relief above the speculative level").

---

[2] Similarly, for the grounds stated in the Regal Defendants' Reply, Docket # 108 at 1-2, Plaintiff's reliance on extrinsic evidence (presented by other parties) should be stricken.

REPLY IN SUPPORT OF THACKER'S
MOTION TO DISMISS - 3
Case No. C09-0526 JCC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

### 2. The Court Should Dismiss Claim No. 3 (Common-Law Fraud) for Plaintiff's Failure to Plead With Particularity.

Plaintiff does not dispute that it fails to allege a single misrepresentation made by the Thackers, including the time, place, and manner of any alleged misrepresentation. *See* Plaintiff's Opposition ("Opposition") at 15-17. Instead, Plaintiff argues mainly that the Thackers are liable under the "group published doctrine" or on the grounds that "when a corporate director has or should have knowledge of the unlawful acts of co-directors, allegations of wrongdoing against the defendants as a group is sufficient to support a reasonable inference of wrongdoing as to each of the individual directors." Opposition at 16 (citation omitted).

Plaintiff's arguments fail to impute liability to the Thackers, and the Complaint fails to satisfy Plaintiff's burden to plead fraud with particularity under Rule 9(b).[3] Specifically, not only does Plaintiff fail to allege that the Thackers made a single misrepresentation or "directly participated" in the misrepresentations, but it also fails to allege that the Thackers were associated with the defendants who allegedly made fraudulent misrepresentations, or that the Thackers had any control over the corporation, <u>at the time the alleged misrepresentations occurred</u>. *See* Complaint ¶¶ 4.4-4.6, 8.2, 10.2, & 10.3; Opposition at 15-17. As such, the Complaint fails to set forth any claim for fraud against the Thackers. Accordingly, Plaintiff's imputed liability theories have no application to the Thackers.

---

[3] The Thackers hereby join in Section II of Dwight Williams' Reply Brief in Support of Dwight Williams' Motion to Dismiss Counts One, Five, Eight and Nine, dated September 4, 2009 (Docket # 105), which argues that the fraud claims against the so-called "Ponzi Scheme Defendants" (including the Thackers) should be dismissed for failure to comply with Rule 9(b).

REPLY IN SUPPORT OF THACKER'S
MOTION TO DISMISS - 4
Case No. C09-0526 JCC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

### a. The "group published doctrine" does not apply to the Thackers because Plaintiff does not allege the Thackers were members of the alleged group when the alleged misrepresentations were published.

According to Plaintiff, the Complaint alleges that misrepresentations were made by three means: (1) by brochures purportedly handed out in Indonesia on or about May 11, 2001 and July 2, 2004; (2) by the "then existing website";[4] and (3) by oral representations made by those defendants who allegedly traveled to Indonesia and participated in presentations to potential investors in 2001 and 2004. Opposition at 16 (citing Complaint ¶¶ 4.5, 4.6, 8.2, 10.2, & 10.3). Plaintiff alleges, however, that the Thackers did not become affiliated with Dressel until late 2004 or early 2005, several years <u>after</u> the first distribution of brochures and oral communications in 2001, and several months <u>after</u> the last distribution of brochures and oral communications in the summer of 2004. *See* Complaint ¶¶ 4.5, 4.6. This is not sufficient to trigger the group-published doctrine. The court in *In re Baan Co. Securities Litigation,* 103 F. Supp. 2d 1, 18 (D.D.C. 2000), held that the group-published doctrine did not extend to defendants who were not officers <u>at the time the materials were published</u>, when "plaintiffs have not alleged any specific facts illustrating the involvement of these defendants in the drafting, reviewing, or dissemination of [ ] group published statements."

In contrast to allegations that other defendants were identified or "prominently featured" in the brochures, there are <u>no allegations that the Thackers were identified in the brochures, or that the materials had been created, endorsed, or even reviewed by the Thackers</u>. *See* Complaint ¶¶ 4.5, 4.6. Also, the Complaint does not allege that the Thackers attended meetings in Indonesia when alleged oral representations were made to potential Indonesian

---

[4] Plaintiff's allegations do not specify the date the alleged website was created. The allegations refer to oral representations made, and brochures handed out, at conferences or speaking engagements on May 11, 2001 and July 2, 2004. As such, the Thackers assume that the "then existing website" was allegedly created during that period of time.

REPLY IN SUPPORT OF THACKER'S
MOTION TO DISMISS - 5
Case No. C09-0526 JCC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

investors. *See* Complaint ¶¶4.5, 4.6.[5]  This doctrine cannot impute any liability to the Thackers.

### b. Plaintiff does not allege that the Thackers were officers or directors of Dressel when the alleged misrepresentations were made or that the Thackers otherwise "directly participated" at the relevant time.

Plaintiff argues that <u>direct participation</u> by a corporate officer or director in the tortious conduct of a corporation is sufficient grounds "to hold that officer or director personally liable." Opposition at 16.  Plaintiff's cited authority in support of these arguments holds that individuals serving as officers or directors of a corporation <u>at the time the tort was committed</u> by the corporation may be liable <u>if</u> the officer or director (1) directly participated in, or (2) at least had knowledge of, the misrepresentations or tort and cooperated in its commission. *See, e.g., Johnson v. Harrigan-Peach Land Dev. Co.*, 79 Wn.2d 745, 753-54, 489 P.2d 923, 928 (1971) (stating that a corporate officer who takes no part in the commission of a tort by the corporation is not personally liable).  Plaintiff has not alleged either circumstance, and Plaintiff cannot argue that the Thackers are vicariously liable for the alleged misrepresentations made by corporate officers, directors, or agents that were communicated or published <u>before</u> the Thackers allegedly became associated with Dressel. *See Messenger v. Frye*, 176 Wash. 291, 295-96, 28 P.2d 1023, 1025 (1934) ("[A]n officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable to third parties for such tort, nor for the acts of other officers, agents, or employees of the corporation in committing it, unless he specifically directed the particular act to be done, or participated, or co-operated therein.").  Because Plaintiff has failed to plead any fraud against the Thackers under the applicable substantive law, the allegations fail to

---

[5] Plaintiff fails to cite any authority to support its argument that the group publication doctrine extends to brochures or unidentified websites, particularly when published by a select group of individuals <u>prior to the time that other defendants allegedly joined the group</u> or otherwise participated in "collective action." *See* Opposition at 16.

REPLY IN SUPPORT OF THACKER'S
MOTION TO DISMISS - 6
Case No. C09-0526 JCC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

comply with the requirements of Rule 9(b). Accordingly, the Court should dismiss Claim No. 3 against the Thackers.

### 3. The Court Should Dismiss Claim No. 5 (Breach of Fiduciary Duty) and Claim No. 9 (Unjust Enrichment) Because Plaintiff Fails to Plead the Underlying Fraud With Particularity.

With respect to the claims for breach of fiduciary duty and unjust enrichment, the Thackers join in Sections III and IV of Dwight Williams' Reply Brief in Support of Motion to Dismiss Counts One, Three, Five, Eight, and Nine for Failure to State a Claim, dated September 4, 2009 (Docket #105). *See* Williams' Reply, § III & IV, pp. 10-12. Because the claims for breach of fiduciary duty and unjust enrichment against the Thackers are based on allegations of fraud, Plaintiff was required to plead the claims with particularity. As set forth in Section III.B above, Plaintiff has failed to do so. Accordingly, the Court should dismiss Claim No. 5 against the Thackers.

### 4. Claim No. 8 (Conspiracy) Should Be Dismissed.

On September 4, 2009, Jesse Tam filed his Reply in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Docket # 106). The Thackers join in Sections III.A and C of Tam's Reply, which support dismissal of the conspiracy claims against all defendants. Like Tam, the Complaint fails to allege any elements of conspiracy with adequacy against the Thackers. *See Twombly*, 550 U.S. at 555 (a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *see also Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949-50, 1954 (2009). For the reasons set forth in Tam's Motion and Reply, Claim No. 8 against the Thackers should be dismissed.

REPLY IN SUPPORT OF THACKER'S
MOTION TO DISMISS - 7
Case No. C09-0526 JCC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

### III. CONCLUSION

The pleading stage is an appropriate time for this Court to require plaintiffs to obey their duties under the civil rules and plead with particularity the conduct of persons who are alleged generally to have participated with others in fraudulent schemes. Having failed to do so without justification, Plaintiff seeks to avoid the consequences of its failure by importing common law doctrines which have no application whatsoever to the Thackers.

For the reasons set forth above and in the referenced motions and replies filed by other defendants in this action, in which the Thackers have joined, the Thackers respectfully request that all claims against the Thackers be dismissed with prejudice.

DATED this 25th day of September, 2009.

K&L GATES LLP

By  s/ Marla Zink
   Stephen A. Smith, WSBA # 08039
   Marla Zink, WSBA # 39042
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
Phone:  (206) 623-7580
Fax:  (206) 623-7022
E-mail:  steve.smith@klgates.com
E-mail:  marla.zink@klgates.com

MILLER GUYMON, P.C.
   Blake D. Miller (*Pro Hac Vice*)
   Craig H. Howe *(Pro Hac Vice)*
165 South Regent Street
Salt Lake City, UT  84111
Phone: (801) 363-5600
Fax: (801) 363-5601
Email: miller@millerguymon.com
Email: howe@millerguymon.com

Attorneys for Defendants
David and Kelly Thacker

REPLY IN SUPPORT OF THACKER'S
MOTION TO DISMISS - 8
Case No. C09-0526 JCC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**CERTIFICATE OF ECF FILING AND SERVICE**

I certify that on September 25, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David R. Ebel
Matthew Turetsky
Schwabe Williamson & Wyatt
1420 5th Ave., Ste 3010
Seattle, WA 98101-2339
Attorneys for Plaintiff

Craig Weiner
Douglas Gross
Hofheimer Gartlir & Gross
530 Fifth Ave., 9th floor
New York, NY 10036
Attorneys for Plaintiff

Gretchen S Obrist
Juli E. Farris
Lynn L. Sarko
Keller Rohrback
1201 3rd Ave., Suite 3200
Seattle, WA 98101-3052
Attorneys for Defendants Larry Blackett, Stan Dickison, Laurence C. Frentiss, Omar Lee, Hank Lo, Jesse Tam, Regal Financial Bancorp, Inc., and Regal Financial Bank

Andrew Lyn Symons
Inslee Best Doezie & Ryder
PO Box C-90016
777 108th Avenue NE, Suite 1900
Bellevue, WA 98009-9016
Attorneys for Defendant Jesse Tam

Stellman Keehnel
Nicole M. Tadano
DLA Piper US LLP
701 Fifth Ave., Suite 7000
Seattle, WA 98104-7044
Attorneys for Defendant Dwight B. Williams

Matthew R. Lewis
Ray Quinney & Nabeker
PO Box 45385
Salt Lake City, UT 84145-0385
Attorneys for Defendant Dwight B. Williams

James A. Morsch
John S. Ganz
Butler Rublin Saltarelli & Boyd
70 W. Madison, Suite 1800
Chicago, IL 60602
Attorneys for Defendant David Ghermezian

James C. Fowler
Vandeberg Johnson & Gandara
600 University St., Suite 2424
Seattle, WA 98101-1192
Attorneys for Defendant Brian Hill

Nicholas P Scarpelli , Jr
Carney Badley Spellman
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
Attorneys for Defendant Kevin Hylton

Benjamin J Stone
Cozen O'Connor
1201 Third Ave., Suite 5200
Seattle, WA 98101-3071
Attorneys for Defendant Tanner LC f/k/a Tanner & Co., PC

REPLY IN SUPPORT OF THACKER'S
MOTION TO DISMISS - 9
Case No. C09-0526 JCC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  and I certify that I have arranged for service of the document to the following non-CM/ECF
2  participants by mailing the same, properly addressed and prepaid, to the following:

3  Danny M.K. Wong                    Donald Sherer
   Flat B1 7th Floor                  Michelle Sherer
4  Yee on Court                       PO Box 1199
   79 C Waterloo Road                 Wrangell, AK  99929
5  Kowloon, Hong Kong
   China

6  Kenneth McCabe
   2475 W 840 N
7  Hurricane, UT  84737-3508

8

9
                                              s/ Marla Zink
10                                        Marla Zink

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPLY IN SUPPORT OF THACKER'S
MOTION TO DISMISS - 10
Case No. C09-0526 JCC

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022